Chief Raul Martinez Miami Police Department Post Office Box 016777 Miami, Florida 33101
Dear Chief Martinez:
You ask substantially the following question:
May the City of Miami use funds received pursuant to the Florida Contraband Forfeiture Act to provide tuition for current police department personnel to take courses toward a degree in an area of study deemed by the chief of police to be related to the specific job duties of the personnel?
In sum:
The City of Miami may use funds received pursuant to the Florida Contraband Forfeiture Act to pay tuition reimbursement for current police department personnel who successfully take courses toward a degree in an area of study deemed by the chief of police to be related to the specific job duties of the personnel.
You state that the City of Miami Police Department would like to develop an employee education assistance program that would permit police department personnel to take up to 15 credit hours in the course of one year toward an associate, bachelors or masters degree. To qualify for reimbursement, the employee must take approved course work from an accredited college and receive passing grades in that course work. Only full-time employees who have completed their initial probation and who are not on disciplinary probation would be eligible. None of the courses would apply toward the 40 hours of continuing education or training that law enforcement officers are required to take by section 943.135(1), Florida Statutes. You state that the purpose of such a program would be to encourage employees to obtain additional education and expertise in areas that would enhance their job skills related to their police department careers.
You are aware of Attorney General Opinion 98-32, in which this office concluded that contraband forfeiture trust funds can be used to pay tuition reimbursement to employees of a sheriff's office for college-level courses when those courses develop additional expertise in specific areas related to the job duties of the employee. Whereas Attorney General Opinion 98-32 considered tuition reimbursement for courses related to the specific duties of the employee, you note that in the instant inquiry it would be necessary for department personnel to take certain core courses that, when viewed individually, might not relate to the specific areas of law enforcement but which must be taken in order to obtain a degree.
The Florida Contraband Forfeiture Act, sections 932.701-932.707, Florida Statutes, authorizes a law enforcement agency to sell or otherwise salvage or transfer property acquired through a forfeiture to any public or nonprofit organization, or retain it for the agency's use.[1] If seized property is sold, the proceeds are to be disbursed in the manner prescribed by the statute.[2] If the seizing agency is a municipality, any proceeds remaining after the satisfaction of liens and the payment of costs must be deposited in a special law enforcement trust fund established by the governing body of the municipality.[3] Section932.7055(4)(a), Florida Statutes, provides:
Such proceeds and interest earned therefrom shall be used for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise and providing matching funds to obtain federal grants. The proceeds and interest may not be used to meet normal operating expenses of the law enforcement agency.
This office has therefore stated that special law enforcement trust funds may be used only for those purposes set forth in the statute and for appropriate law enforcement purposes, except normal operating expenses, as determined by the governing body of the municipality.[4] On occasion, this office has concluded that proposed expenditures were outside the scope of permissible uses for contraband forfeiture;[5] ultimately, however, the decision of whether the expenditure is for an appropriate law enforcement purpose must be made by the governing body of the city.[6]
Section 932.7055(4)(b), Florida Statutes, provides that contraband forfeiture trust funds may be expended upon a request by the chief of police to the governing body of the municipality that is accompanied by a written certification that the request complies with the provisions of the statute. Further, these funds may only be spent following their appropriation to the police department by the governing body of the municipality.
In reaching its conclusion in Attorney General Opinion 98-32, this office relied on the sheriff's representations that the program would provide reimbursement of tuition costs only for full-time employees rather than recruits to the department or cadets. This office was advised that the program was directed at providing training and education to employees of that office in order to develop additional expertise in specific areas relating to the job duties of these employees rather than merely training these employees for their current positions. Reimbursement would only be for individual courses that have been completed successfully. These factors are also present in your inquiry.
In Attorney General Opinion 98-32, however, this office also relied on the fact that the tuition reimbursement would not be a regularly recurring one although the employee could request reimbursement for other approved courses. Thus, the program was one that was beyond what was usual, normal, regular or established. While the program established by the police department in your inquiry is directed toward a degree in an area related to the employee's job duties rather than an individual course, nothing in the information provided to this office indicates that the proposed program requires the department to be responsible for the recurring cost of reimbursing courses until the employee obtains a degree. Rather, reimbursement is authorized for courses completed successfully and is limited to no more than 15 hours a year. While the department may reimburse for an individual course not related to an employee's job duties, such a course must be necessary for the employee to obtain a degree in an area that is related to the employee's duties.
Accordingly, this program, as in Attorney General Opinion 98-38, appears to be one that is beyond what is usual, normal, regular or established and would therefore appear to be appropriate to fund with contraband forfeiture trust funds. Ultimately, however, the decision of whether the expenditure is for an appropriate law enforcement purpose must be made by the city commission.
Therefore, it is my opinion that the City of Miami may use funds received pursuant to the Florida Contraband Forfeiture Act to pay tuition reimbursement for current police department personnel who successfully take courses toward a degree in an area of study deemed by the chief of police to be related to the specific job duties of the personnel.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 932.7055(1), Fla. Stat.
[2] See, s. 932.7055(3), Fla. Stat.
[3] Section 932.7055(4)(a), Fla. Stat.
[4] See, Ops. Att'y Gen. Fla. 98-32 (1998) (a program developed by the sheriff that reimburses employees for tuition for college level course work may be funded using contraband forfeiture trust funds when the purpose of that program is to develop additional expertise in these employees in specific areas related to their job duties); 91-84 (1991) (a police athletic league with the primary purpose of preventing crime by providing recreational programs for disadvantaged youths may be supported with contraband forfeiture funds, if the governing body of the city determines that such activities are an appropriate law enforcement purpose).
[5] See, Ops. Att'y Gen. Fla. 97-31 (1997) (city is not authorized to use contraband forfeiture funds to build and maintain a stable for horses to be used for a mounted police patrol unit); 89-78 (1989) (contraband forfeiture funds may not be used to augment salaries of police officers or pay tuition supplements to recruits); 86-48 (1986) (county not authorized to use the funds to construct a building to be used by the sheriff in storing evidence); and 83-09 (1983) (contraband forfeiture funds may not be used to compensate a physician's assistant to render medical aid to county prisoners).
[6] See, Ops. Att'y Gen. Fla. 96-62 (1996) (board of county commissioners has ultimate discretion in determining whether contraband forfeiture trust fund monies will be expended for the purposes requested by the sheriff); 92-76 (1992) (contraband forfeiture funds may be used to support weekly teen dances if governing body of the city makes the determination that the program serves an appropriate law enforcement purpose); and 89-78 (1989) (determination of whether expenditure is for a law enforcement purpose must be made by the governing body of municipality).